# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| NEAL A. COWE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. |
| v. | ) | 14-12581-FDS |
| | ) | |
| BOSTON POLICE DEPARTMENT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**SAYLOR, J.**

On June 11, 2014, plaintiff Neal A. Cowe, who is apparently a resident of Forest Park, Georgia, filed a self-prepared complaint against the against the Boston Police Department/Brighton Division ("BPDBD") and Dzhokhar Tsarnaev.[1] At the time of filing the complaint, Tsarnaev was a pretrial detainee in custody at FMC Devens in Ayer, Massachusetts, facing criminal charges arising out of the Boston Marathon bombing. In the caption of the complaint, Cowe asserts his causes of action to be obstruction of justice, negligence, abuse of authority, assault and battery on a person over 60 years of age, and criminal fraud.

The complaint is not entirely coherent or organized and contains many extraneous statements. From what can be gleaned, Cowe alleges that on or about June 15, 2010, he drove

---

[1] Cowe is a frequent filer in this Court; however, none of his earlier actions appear to be related to the present case. In the complaint in this action, Cowe lists a mailing address in Forest Park, Georgia, but in a June 10, 2014 cover letter to the Court, he listed a mailing address in Old Bridge, New Jersey. On July 2, 2014, court staff called Cowe and left a voicemail message asking him to identify his correct address; however, he has not filed any notice of change of address. On October 27, 2014, Cowe filed an amended complaint, again listing a mailing address in Forest Park, Georgia.

from Atlanta, Georgia, to Brighton, Massachusetts, for work at a carpet and furniture company. He arrived at his destination before midnight, and slept in the back of his delivery van in a parking lot. At about 2:00 a.m., a local bar, Harper's Ferry, closed for the night, and three drunk men left the bar through an exit located near Cowe's van. He contends that he was asleep in his van when he was "terrorized" by loud banging on the side of the van. He alleges that one of those men was the defendant, Tsarnaev, who instructed him to come out of his vehicle, and "fight him like a Man." Compl. at ¶ 12. An argument then ensued, leading to a confrontation. He alleges that Tsarnaev began to beat him until Tamerlan (Tsarnaev's brother) pulled Tsarnaev off him. During the fight, Tsarnaev allegedly punched Cowe in the stomach, causing the rupture of his appendix. Cowe alleges that he was unaware of the identity of the man who beat him, but later recognized Tsarnaev as the perpetrator when he saw news reports about the Boston Marathon bombing.

Cowe alleges that following the assault, he was in pain and was hospitalized at Cambridge Hospital, where the next day he had an emergency appendectomy. He alleges that this procedure failed to correct the problem and three days later, he woke up on a ventilator and was placed under anesthetics for several days. He later was released to his sister's care, and made a partial recovery over the next several months; however, he suffered a relapse and could not hold down food or water. As a result, an emergency surgery was performed at a hospital in Georgia. That operation was not entirely successful, and Cowe contends that it left him disfigured and unable to eat solid foods. He also alleges that he will need surgery at a later point.

With respect to the allegations regarding the police misconduct, Cowe claims that he

gave information to the BPDBD concerning the identity of the vehicle in which the three men were driving. The police officer wrote an incident report but allegedly neglected to determine the proper identity of the vehicle used by Tsarnaev, despite Cowe's description. Cowe contends the report did not match the description he gave. He alleges that had the BPDBD been honest and truthful, the three men involved in the incident would have been arrested and summoned to court to answer charges, and Cowe would have been able to identify their automobile insurance carrier. Cowe further claims that the BPDBD would have been able to discover that the suspects were on a "Terror Watch List" and could have taken action to watch them. *Id.* at ¶ 19. While not entirely clear, Cowe seems to suggest that if the BPDBD had looked into his claims, this might have prevented Boston Marathon bombing. He alleges that they would have been aware of the "changing climate of an [sic] lawlessness emerging [t]hat was changing the landscape of Suburban Boston and would forever Had [sic] changed The Boston Marathon . . . ." *Id.* at 24. Cowe also claims that the BPDBD report was sloppy and incomplete, because the police were overwhelmed with other reports of assaults and theft because Allston/Brighton is a college town and has many incidents of crime. *Id.* at ¶ 22.

Cowe also alleges the occurrence of a separate incident that took place in 2004. Cowe alleges that he was asleep in his motor vehicle in the same parking lot when, in the middle of the night, his driver's door was opened, leading Cowe to conclude someone had entered his vehicle. He contends that the BPDBD failed to find the responsible parties, protected the rights of trespassers, and created a police report indicating that there was a call about a fight, when in

actuality, the call was about a breaking and entering.[2]

The complaint seeks millions of dollars from the police and Suffolk County Prosecutors (not named as a defendant) for their alleged abuse of authority in failing to prosecute other incidents on Harvard Avenue involving drunkenness, fights, murders, rapes, and theft by illegal aliens.

On July 2, 2014, a procedural order issued directing Cowe either to pay the $400 filing and administrative fees of the Court, or file a motion for leave to proceed *in forma pauperis.* On July 7, 2014, Cowe filed a motion for leave to proceed *in forma pauperis*. On October 27, 2014, Cowe filed an amended complaint. The amended complaint is substantially similar to the original complaint, and presents no additional discernible claims or parties.

**I.     Discussion**

    **A.     Motion for Leave to Proceed *in Forma Pauperis***

Upon review of Cowe's financial affidavit, this Court finds that he lacks sufficient funds to pay the $400 filing and administrative fees. Accordingly, his motion for leave to proceed *in forma pauperis* will be allowed.

    **B.     Screening of the Complaint**

Because Cowe is proceeding *in forma pauperis*, his amended complaint (which supersedes the original) is subject to screening under 28 U.S.C. § 1915(e)(2). This statute authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action is malicious, frivolous, fails to state a claim upon which relief

---

[2] Cowe acknowledges that nothing had been stolen in his car (his radio had been stolen weeks earlier). A police report provided by Cowe indicates that it was believed that the suspect attempted to get into the wrong motor vehicle (Cowe's vehicle) and the suspect's vehicle was actually parked behind Cowe's vehicle. The police attributed this as a simple mistake due to consumption of alcoholic beverages by the suspect; it was not deemed to be a breaking and entering crime.

can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). In addition to the statutory screening requirements under § 1915, this Court has an independent obligation to inquire, *sua sponte,* into its own subject-matter jurisdiction.[3] *McCulloch v. Velez*, 364 F.3d 1, 5 (1st Cir. 2004).

In conducting this screening, this Court will liberally construe the amended complaint because Cowe is proceeding *pro se*. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Instituto de Educacion Universal Corp. v. United States Dept. of Education*, 209 F.3d 18, 23 (1st Cir. 2000). Even under a liberal construction, however, there are multiple legal impediments to this action, as set forth below.

### C.      **Failure to Comply With Fed. R. Civ. P. 8**

As pleaded, the amended complaint fails to comport with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Rule 8 requires a plaintiff to include in the complaint, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This statement must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests,'" *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see Rivera v. Rhode Island*, 402 F.3d 27, 33 (1st Cir. 2005). It must afford the defendant(s) a "[']meaningful opportunity to mount a defense,'" *Díaz-Rivera v. Rivera-Rodríguez*, 377 F.3d 119, 123 (1st Cir. 2004) (quoting *Rodríguez v. Doral Mortgage Corp.*, 57 F.3d 1168, 1172 (1st Cir. 1995)). *See also Redondo-Borges v. U.S. Dept. of Housing and Urban Dev.*, 421 F.3d 1, 5 (1st Cir. 2005). "In a civil rights action as in any other action . . . , the

---

[3]*See In re Recticel Foam Corp.*, 859 F.2d 1000, 1002 (1st Cir. 1988) ("It is too elementary to warrant citation of authority that a court has an obligation to inquire *sua sponte* into its subject matter jurisdiction, and to proceed no further if such jurisdiction is wanting.").

5

complaint should at least set forth minimal facts as to who did what to whom, when, where, and why." *Educadores Puertorriqueños en Acción v. Hernandez,* 367 F.3d 61, 68 (1st Cir. 2004).

With respect to defendant Tsarnaev, it is plausible to infer that a claim of assault and battery has been pleaded and that the parties are diverse (given Cowe's Florida citizenship). However, there are no allegations of wrongdoing with respect to the unnamed defendants described as "and others" listed stated in the caption of the amended complaint. Even as to the two other individuals accompanying Tsarnaev, there are no facts alleged as to their conduct on which a claim could be based. Indeed, all that is alleged is that Tsarnaev's brother Tamerlan attempted to break up the fight.

With respect to the claims against the police department, the amended complaint is not entirely intelligible and contains so many extraneous comments it is difficult to discern what allegations amount to factual claims, and what allegations are simply argument or speculation.

"District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments." *Terrance v. Cuyahoga County*, 2005 WL 2491531 at *1 (N.D. Ohio 2005) *citing Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). *See McDonald v. Hall*, 610 F.2d 16 (1st Cir. 1979) (court is not required to "conjure up unpled allegations," notwithstanding duty to be less stringent with *pro se* complaints).[4] Here, the amended complaint does not include short and plain statements showing

---

[4] Such an exercise by the Court would "'require . . . [the courts] to explore exhaustively all potential claims of a *pro se* plaintiff, . . . [and] would . . . transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Terrance*, 2005 WL 2491531, at *1, *quoting Beaudett*, 775 F.2d at 1278. *See also Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) ("It is certainly reasonable to ask that all plaintiffs, even *pro se* plaintiffs, . . . alert party defendants that they may be individually responsible in damages. The trial and appellate courts should not have to guess at the nature of the claim asserted."). "[T]he failure to identify a particular legal theory ... places an unfair burden on the defendant to speculate on the potential claims that plaintiff may be raising against it and the defenses it might assert in response to each of these possible causes of action." *Terrance*, 2005 WL 2491531, at *1.

Cowe is entitled to relief against the BPDBD. Although this Court has attempted to piece together Cowe's allegations, the complaint does not set forth the necessary information in a fashion that would provide the BPDBD sufficient notice of each cause of action and the underlying factual basis for the claims. Moreover, while the complaint refers to various causes of action, it fails to provide sufficient factual information (as opposed to bare allegations, legal conclusions, and speculative conclusions) to set forth any plausible claim upon which relief can be granted. *See Peñalbert–Rosa v. Fortuño-Burset*, 631 F.3d 592, 595 (1st Cir. 2011) ("[S]ome allegations, while not stating ultimate legal conclusions, are nevertheless so threadbare or speculative that they fail to cross 'the line between the conclusory and the factual.'") *(quoting Twombly*, 550 U.S. at 557 n.5).

In light of the pleading problems, this action is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### D. Failure to State Plausible Civil Rights Claims

There is a further fundamental impediment subjecting Cowe's claims against the BPDBD to dismissal: the BPDBD is not an entity subject to suit under 42 U.S.C. § 1983 (the vehicle for asserting civil rights violations).

Section 1983 provides, in relevant part, that "every *person* who, under color of statute, ordinance, regulation, custom or usage of any state . . . subjects or causes to be subjected, any citizen of the United States . . . through the deprivation of any rights, privileges or immunities secured by the constitution and laws, shall be liable to the party injured in an action at law, suit in equity or other proper proceedings of redress." 42 U.S.C. § 1983 (emphasis added).

It is well-settled that, for purposes of § 1983, police departments are not entities that can

be sued. Here, the BPD is a department of the City of Boston; it is not a person and therefore not subject to suit. *See Johnson v. Rodriguez*, 943 F.2d 104 (1st Cir. 1991) (state agency may not be sued for alleged civil rights violations). *Cronin v. Town of Amesbury*, 895 F. Supp. 375 (D. Mass. 1995) (granting summary judgment in favor of town police department as not a proper defendant in 1983 action). One reason for finding that a police department is not such an entity is because if the police department is found liable, "it is the city which will pay; the result is the same as suing the city." *Henschel v. Worcester Police Dep't, Worcester, Mass.*, 445 F.2d 624, 624 (1st Cir. 1971). *See Aldrich v. Town of Milton*, 881 F. Supp. 2d 158, 165 (D. Mass. 2012); *Douglas v. Boston Police Dep't*, 2010 WL 2719970 (D. Mass. 2010) (dismissing suit against a municipal police department because department "has no legal existence or liability to suit separate from the [municipality]"). "Like a municipality, a police department 'cannot be held liable in damages under § 1983 merely because it employs a tortfeasor.' *Boyle v. Barnstable Police Dept.*, 818 F. Supp. 2d 284, 300 (D. Mass. 2011) *quoting Malachowski v. City of Keene*, 787 F.2d 704, 711 (1st Cir. 1986); *accord Lumpkin v. Lucey*, 2010 WL 1794400, *2 (D. Mass. May 4, 2010) ("a municipal police department is not subject to suit under Section 1983"); *Dwan v. City of Boston*, 329 F.3d 275 (1st Cir. 2003).

Even if the complaint had named the City of Boston as the defendant in this suit, a § 1983 claim still would fail. "A municipality cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Bordanaro v. McLeod*, 871 F.2d 1151, 1155 (1st Cir. 1989) *citing Monell v. New York City Dep't of Social Services*, 436 U.S. 658 (discussing under what circumstances a municipality could be held liable under § 1983). *See Henriquez v. City of Lawrence*, 2015 WL

8

3913449, *2 (D. Mass. June 25, 2015) (Talwani, J.) ("To establish municipal liability under § 1983, a plaintiff must demonstrate that 'the municipality *itself* causes the constitutional violation at issue. *Respondeat Superior* or vicarious liability will not attach under § 1983'") (emphasis in original) *citing City of Canton v. Harris*, 489 U.S. 378, 385 (1989).

Furthermore, even if the complaint had named the individual police officers who are alleged to have failed to conduct an adequate investigation or for improper investigation, there is no basis for a constitutional claim under § 1983. Under the circumstances alleged here, no constitutional right was violated. "The failure of police officers to conduct an adequate investigation is not sufficient to state a civil rights claim under Section 1983 'unless there was another recognized constitutional right involved.'" *Williams v. City of Boston*, 771 F. Supp. 2d 190, 200 (D. Mass. 2011) (Saris, C.J.) *quoting Gomez v. Whitney*, 757 F.2d 1005, 1006 (9th Cir. 1985) *and citing Maness v. D.L. Runnels*, 2009 WL 1155670, at *4 (E.D. Cal. 2009) ("To the extent petitioner believes police officers did not adequately investigate [his crime], petitioner fails to state a claim upon which relief can be granted because he has no constitutional right to a police investigation, adequate or otherwise.").

For those reasons, the § 1983 claims against the BPDBD are subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**E.     The Massachusetts Tort Claims Act**

To the extent that the claims against the BPDBD (or the City of Boston, based on the conduct of its police employees) allege non-constitutional torts (such as negligence for the failure of the BPDBD to investigate or the failure to prosecute), such claims are not cognizable in this Court.

The Massachusetts Tort Claims Act ("MTCA") serves as a waiver of sovereign immunity under certain circumstances. It provides for liability for public employers, while at the same time immunizing individual employees from claims for monetary damages. Before filing suit, however, a party must first present the claim to the executive officer of the public employer and receive a final decision on the claim. Mass. Gen. Laws ch. 258, § 4. There is no indication that Cowe has made the required administrative presentment under the MTCA. In any event, in the absence of an independent basis for subject-matter jurisdiction (such as the lack of a *bona fide* § 1983 claim), this Court lacks jurisdiction over any MTCA claim brought in federal court because the Commonwealth of Massachusetts (or its agencies) has not waived its sovereign immunity to suit in federal court. *Caisse v. DuBois*, 346 F.3d 213, 218 (1st Cir. 2003) ("By enacting the Massachusetts Tort Claims Act, the Commonwealth has not waived its Eleventh Amendment immunity to suit in federal court.").[5]

Accordingly, the claims of negligence, failure to investigate, and other non-constitutional claims against the BPDBD are subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### F. Lack of Standing to Bring Claims Relating to the Boston Marathon Bombing or Other Criminal Activity on Harvard Avenue

To the extent that the complaint asserts a claim against the BPD because it did not place a watch on Tsarnaev, or because it did not prosecute or investigate unlawful criminal conduct by

---

[5] *See Canales v. Gatzunis*, 979 F. Supp. 2d 164, 173 (D. Mass. 2013); *Rivera v. Massachusetts*, 16 F. Supp. 2d 84-87-88 (D. Mass. 1998) (citing *Irwin v. Comm'r of Dep't of Youth Servs.*, 338 Mass. 810 (1983) (answering question certified by this Court concluding that jurisdiction conferred on the Superior Court under the MTCA, Mass. Gen. Laws ch. 258, § 3 is exclusive); *Irwin v. Calhoun*, 522 F. Supp. 576 (D. Mass. 1981)(certifying question). *Cf. Rivera*, 16 F. Supp. 2d at 88 (discussing federal court jurisdiction over MTCA claims, noting that "apart from declining to waive its Eleventh Amendment immunity, a state has no power to deprive federal courts of diversity or supplemental jurisdiction over state law causes of action"; MTCA claims may be brought against municipalities where the jurisdiction of the Superior Court is not exclusive).

others in the Harvard Avenue area, Cowe does not have standing to bring such claims. In order for this Court to have standing under Article III of the United States Constitution, Cowe must meet his burden of alleging sufficient facts to show that he has: "(1) suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81(2000) (citation omitted); *Coggeshall v. Massachusetts Bd. of Registration of Psychologists*, 604 F.3d 658, 666 (1st Cir. 2010) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)). Here, the complaint does not allege sufficient facts to establish that Cowe personally suffered an injury that is fairly traceable to the BPDBD's conduct by not investigating the vehicle used by the three men in 2010, or by not investigating properly the alleged breaking and entering in 2004. Moreover, his allegation that the BPDBD would have been able to discover that the suspects were on a "Terror Watch List," and his allegation that had the police looked into Cowe's claims, they would have known of a "changing climate" of unlawfulness in the Boston suburbs, is entirely speculative and conjectural. And his assertion of widespread crime in the Harvard Avenue area does not allege a claim for which he has standing to bring suit.

G. **Statute of Limitations as a Bar to Certain Claims**

Finally, the statute of limitations for civil rights claims and tort claims appears to serve as a bar to the claims against the BPDBD and possibly against Tsarnaev as well. In this District, the limitations period for claims under the Civil Rights Act is three years. *See Cao v. Puerto Rico*, 525 F.3d 112, 115 (1st Cir. 2008) (the statute of limitations under § 1983 is determined by

11

applying the statute of limitations under personal injury law in the forum state); *Nieves v. McSweeney*, 241 F.3d 46, 52-53 (1st Cir. 2001) (§ 1983 cases); Mass Gen. Laws ch. 260, § 2A.

Under Massachusetts law, the time period begins to run one day after the cause of action accrues" with the last day for filing suit being the anniversary date of the event." *Poy v. Boutelis*, 352 F.3d 479, 483 (1st Cir. 2003); *Cao*, 525 F.3d at 115 ("As we have time and again repeated, the accrual date for a § 1983 action is simply the date when the potential plaintiff knew or should have known that she was harmed.").

With respect to § 1983 claims against the BPDBD based on the failure of its officers to investigate and report both the 2004 and 2010 incidents, Cowe knew or reasonably should have known of the existence of his cause of action sometime shortly after the allegedly incomplete and inaccurate police reports were prepared. He did not, however file his suit until four years after the incident. Similarly, with respect to any non-constitutional tort claims asserted under Massachusetts law against the BPDBD, the three-year limitations period also would bar the claims.

It is true that a complaint may be dismissed on statute of limitations grounds "only if 'the pleader's allegations leave no doubt that an asserted claim is time-barred.'" *Young v. Lepone*, 305 F.3d 1, 8 (1st Cir. 2002) (quoting *LaChapelle v. Berkshire Life Ins. Co.*, 142 F.3d 507, 509 (1st Cir. 1998)). However, the First Circuit has held that "a complaint which states a claim that appears to have expired under the applicable statute of limitations may be dismissed as frivolous" under the *in forma pauperis* statute. *Johnson v. Rodriguez*, 943 F.2d 104, 107 (1st Cir. 1991), *cert. denied*, 502 U.S. 1063 (1992) (quoting *Street v. Vose*, 936 F.2d 38,39 (1st 1991)). *See Braun v. Gonzales*, 557 Fed. Appx. 176, 179 (3d Cir. 2014) (holding that where a

statute of limitations defense is obvious from the face of the complaint and no further development of the record is needed, a court may dismiss a time-barred complaint *sua sponte* under 28 U.S.C. § 1915(e)(2)(B)(ii)).[6]

As to the claims against Tsarnaev, the complaint fails to set forth facts indicating that Cowe could not have discovered the identity of the person who assaulted and battered him had he used due diligence in an independent search, without relying on the BPDBD to investigate. Had he hired an investigator, for example, or taken other reasonable actions to discover information about the vehicle the three men used, he might have discovered their identities shortly after the incident. Nevertheless, because Cowe has alleged that he did not discover the name of the person who allegedly assaulted him until he saw news reports concerning the Boston Marathon bombing, a factual question exists as to whether or Cowe's claim against Tsarnaev should be deemed to be time-barred, and the issue cannot be resolved on the record presented.

## II. Order to Show Cause and File a Second Amend Complaint

In light of the legal impediments to Cowe's claims as noted above, he is directed to show cause in writing, within 35 days of the date of this Memorandum and Order, why this action should not be dismissed in whole or part. Any such response shall address, with citations to legal authority, why the matter should not be dismissed for the reasons outlined in this Memorandum and Order.

---

[6]Although the statute of limitations is an affirmative defense and although Rule 8(a) of the Federal Rules of Civil Procedure does not require a plaintiff to plead facts to avoid potential affirmative defenses, a complaint can be dismissed on a preliminary screening for failure to state a claim if the allegations show that relief is barred by the relevant statute of limitations. *See Jones v. Bock*, 549 U.S. 199, 215 (2007) ("A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief. If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim . . . .").

Cowe shall also file a Second Amended Complaint that comports with the Rule 8 pleading requirements, setting forth claims against each defendant separately, identifying the legal causes of action asserted against each defendant, and a statement of the underlying facts supporting his claims.

Cowe is advised that he will be given only this one opportunity to state plausible claims upon which relief can be granted, and failure to comply will likely result in the dismissal of this action.

### III. Conclusion

For the foregoing reasons, it is hereby ordered that:

1. Plaintiff's Motion for Leave to Proceed *in forma pauperis* is ALLOWED.
2. Within 35 days of the date of this Memorandum and Order, plaintiff shall show cause demonstrating why this action should not be dismissed for the reasons stated herein. Failure to do so will likely result in a dismissal of this action.
3. Within 35 days of the date of this Memorandum and Order, plaintiff shall file a second amended complaint setting forth claims upon which relief can be granted in accordance with Rule 8 of the Federal Rules of Civil Procedure. Failure to do so will likely result in a dismissal of this action.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
Dated: July 14, 2015             United States District Judge